UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

NANNETTE MINLEY,

                Plaintiff,

-against-

PALISADES COLLECTIONS, LLC,

                Defendant.
-----------------------------------------------------------------

Civil Action No.: CV 13-0427

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

MATSUMOTO, J.
SCANLON, M.J.

Plaintiff NANNETTE MINLEY ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant PALISADES COLLECTIONS, LLC ("Defendant" and/or "Palisades"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.     Plaintiff brings this action on her own behalf for damages arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2.     Plaintiff is a resident of the State of Arizona.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.     Defendant Palisades is a New Jersey company engaged in business of buying and collecting debts with its principal place of business located at 210 Sylvan Avenue, Englewood Cliffs, NJ 07632-2524. Defendant conducts business in the State of New York, including the filing of collection actions, and is therefore subject to the court's personal jurisdiction with

respect to this action.

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, AT&T WIRELESS, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Palisades for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Upon information and belief, at some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt from Plaintiff.

13. On or about January 23, 2007, Defendant through its retained legal counsel Mann Bracken, LLP filed a lawsuit against Plaintiff for the alleged debt in the Kings County Civil Court entitled Palisades Collection, LLC AAO AT&T v. Nannette Borges, Index No. CV-010897-07/KI ("state action").

14. The alleged debt stems from an AT&T WIRELESS account opened in Plaintiff's name on approximately August 21, 2001.

15. At the time the alleged debt was opened, Plaintiff was approximately 11 years old.

16. The alleged debt does not belong to Plaintiff.

17. The alleged debt does not belong to Plaintiff as Plaintiff did not open the account.

18. Plaintiff was a minor at the time the alleged debt was opened.

19. Plaintiff was a minor at the time the alleged debt was opened and therefore Plaintiff was without the ability and/or legal capacity to sign and/or open a telephone contract.

20. On or about May 15, 2007, Defendant obtained a default judgment against Plaintiff.

21. Plaintiff was never served with summons and complaint in the state action.

22. Plaintiff was never served with a copy of the judgment.

23. Plaintiff was without notice of the state action and of the judgment until Plaintiff viewed a copy of her credit report.

24. In or about October 2012, Plaintiff and Defendant spoke on the telephone.

25. At no time did Defendant identify itself as a "debt collector" to Plaintiff.

26. At no time did Defendant identify itself as a "debt collector" to Plaintiff nor did Defendant provide Plaintiff the "mini Miranda".

27. Plaintiff asked Defendant to send her a copy of the judgment.

28. Defendant refused and claimed that they would "only provide a payoff".

29. Plaintiff asked Defendant to send her information and/or proof of the alleged debt.

30. Defendant refused and instead directed Plaintiff to contact the court.

31. Said information is deceptive, misleading and false as information and/or proof of the alleged debt cannot be obtained from the court.

32. Said information is deceptive, misleading and false as information and/or proof of the alleged debt cannot be obtained from the court and further Defendant, as the alleged owner of the alleged debt and holder of the judgment, is the party/person in possession of said information and proof.

33. Plaintiff advised Defendant that Plaintiff was approximately 11 years old at the time the alleged debt was opened and further that Plaintiff does not owe any money as the alleged debt is not hers and could not be hers.

34. Plaintiff advised Defendant that Plaintiff is the victim of identity theft.

35. Plaintiff asked Defendant if Defendant had Plaintiff's date of birth and further if Defendant investigated whether or not an 11 year old could have entered into a telephone contract with AT&T WIRELESS.

36. Defendant claimed "no, we go by social because a lot of people could be born on the same date".

37. Defendant refused to mail a copy of the judgment and/or information and proof of the alleged debt to Plaintiff.

38. As an identity theft victim, Plaintiff is entitled to be provided with any documentation, information and proof of the alleged debt.

39. As a consumer, Plaintiff is entitled to be provided with a copy of the judgment under the FDCPA.

40. Defendant falsely claimed and misrepresented that Plaintiff called Defendant earlier in the month and wanted to pay off the debt.

41. Said statement is false as Plaintiff had in fact advised Defendant earlier in the month that Plaintiff was not responsible for the alleged debt and that Plaintiff wanted information and proof.

42. On more than one occasion, Defendant threatened Plaintiff that she was being recorded and that Defendant would use that that against her.

43. Defendant threatened Plaintiff with statements such as "every time you call in you are being recorded" and that Plaintiff "needs to be careful" and that Defendant will "use it against you".

43. Defendant asked Plaintiff is she was planning to get a home or if Plaintiff was in the process of getting a home.

44. Defendant implied that Plaintiff should pay for the alleged debt and a debt Plaintiff is not responsible for as it would hurt Plaintiff from getting a home.

45. Defendant advised Plaintiff "Unless you take care of this debt, there is nothing we can do."

46. Defendant falsely advised Plaintiff that Plaintiff and her Mother are liable on the alleged debt because Plaintiff "didn't file litigation" against her Mother.

47. Despite advising Defendant that Plaintiff is not liable on the alleged debt for the above preceding reasons, Defendant advised Plaintiff that "the only thing" that could be done is that Defendant could "talk to management and maybe they'll take less".

48. Defendant falsely stated "We didn't put the judgment against you. The court did."

49. Defendant again threatened Plaintiff that Defendant will go to the court and play recordings of Plaintiff.

50. At some time, Plaintiff and Defendant spoke on the telephone again.

51. At no time did Defendant identify itself as a "debt collector" to Plaintiff.

52. At no time did Defendant identify itself as a "debt collector" to Plaintiff nor did Defendant provide Plaintiff the "mini Miranda".

53. Plaintiff again asked Defendant for information and/or proof of the alleged debt as the same cannot be obtained from the court.

54. Defendant again refused and instead asked Plaintiff "How could they [the court] grant something [a judgment] if they [the court] didn't see anything?" and further asked "How could the court grant us something without us providing information and proof? By word of mouth?"

55. Defendant advised Plaintiff that Plaintiff cannot and will not obtain information and/or proof of the alleged debt unless and until Plaintiff files a motion.

56. Defendant advised Plaintiff that Plaintiff cannot and will not be able to clear her name from the alleged debt without going to court and filing a motion.

57. Defendant falsely stated that "Even if you provide all the information and proof this is not something we can handle [outside of court]" and that "We don't have the power".

58. As of this date, no proof and/or validation of the alleged debt has been received by Plaintiff.

59. Defendant never provided Plaintiff with a § 1692g notice.

60. Alternatively, Defendant attempted to provide Plaintiff with a § 1692g notice but that notice was never received by Plaintiff.

61. Defendant failed and/or refused to send to Plaintiff a § 1692g notice upon notice that said notice was in fact never received by Plaintiff.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

 a.  15 U.S.C. §1692e-preface, (2), (5), (6), (7), (8), (10), and (11).

 b.  15 U.S.C. §1692f-preface and (1).

 c.  15 U.S.C. §1692g.

64. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

67. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages, attorney's fees and costs in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NANNETTE MINLEY demands judgment from the Defendant PALISADES COLLECTIONS, LLC as follows:

 A.  For actual damages provided and pursuant to 15 U.S.C. §1692k;

 B.  For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C.

§1692k;

        C.        For damages, trebled, pursuant to New York General Business Law § 349;

        D.        For attorneys' fees, costs and disbursements;

        E.        For an award of pre-judgment interest on all sums awarded and/or collected;

        F.        For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff NANNETTE MINLEY hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:        January 16, 2013

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
75 S. Broadway, 4th Fl.
White Plains, New York 10601
Phone: 914-610-3207
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff NANNETTE MINLEY